## HUGH HUGHES *v.* WATSON A. BRAY.

WARRANTY—SALE BY SAMPLE.—Where goods are sold by sample the law implies a warranty that the article shall not be inferior in quality to the sample; and if they are, the purchaser may accept them, and bring an action for the breach of warranty.

ID.—ID.—MEASURE OF DAMAGES.—In an action for breach of warranty of the quality of barley sold by defendant to the plaintiff, the Court instructed the jury in effect that the measure of damages was the difference between the market value of the barley actually delivered, and the market value of an equal quantity of barley of the same quality as the sample *at the time of delivery.*

*Held:* The charge was in accordance with the rule contained in Section 3313, Civil Code.

ID.—ID.—CUSTOM—USAGE.—The defendant offered to prove the existence of a general custom and usage among the grain dealers in San Francisco that sales of grain by sample are not considered complete until the buyer has actually inspected and accepted the grain sold. *Held:* The evidence was properly rejected.

APPEAL from a judgment for the plaintiff and from an order denying a new trial in the Nineteenth District Court of the City and County of San Francisco. WHEELER, J.

On the trial, the defendant offered to show the usage and custom among grain merchants in San Francisco in selling grain, and that by such custom and usage, the sale is not deemed to be complete until the vendee has an opportunity to, and does, examine the grain sold, and if satisfied, delivery and payment is then made, and the sale is not complete until then.

Plaintiff objected thereto and the Court sustained the objection, to which defendant excepted.

The Court refused to give the following instructions asked by the defendant:

First—If the jury believe, from the evidence, that the defendant understood that he sold the barley to Robert Watt, and not to Hughes, then the plaintiff cannot recover, although he was the real purchaser in the transaction.

Second—If the jury believe, from the evidence, that plaintiff had an opportunity to, and did examine the barley before or at the time of the delivery, and if, after such examination, he received the same, then plaintiff cannot recover.

Third—The plaintiff is in no case entitled to a larger sum than a sum equal to the difference between the price of feed barley and the price of good brewing barley, on or about the thirteenth day of November, 1874, being the day when the contract was made.

The Court instructed the jury as follows:

"The only remaining question is as to the amount of damages which should be awarded to him. Upon this point, you are instructed that in the first place you should ascertain as nearly as possible from the testimony, what portion of the barley delivered, if any, was of an inferior quality, and in the second place you should award to the plaintiff the difference between the market value of such portion, and the market value of an equal quantity of barley of the same quality as the sample at the time of delivery."

A petition for hearing in bank was filed in this case after judgment and denied.

*E. B. & J. W. Mastick* and *W. C. Belcher,* for Appellant.

Cited *Moore* v. *McKinley,* 5 Cal. 467 ; Story on Sales, § 376 ; Benjamin on Sales, § 621 ; Parsons on Sales, § 547.

When the purchaser examines the article to be sold for

himself, the rule of *caveat emptor* applies and admits of no exception by implied warranty of quality. (Benjamin on Sales, § 644, 649, and n. 648; *Parkinson* v. *Lee,* 2 East, 314; *Chanter* v. *Hopkins,* 4 M. & W. 64; *Beirne* v. *Dord,* 1 Seld. 95; *Bradford* v. *Manly,* 13 Mass. 139; *Barnard* v. *Kellogg,* 10 Wall, 383; *Salisbury* v. *Steiner,* 19 Wend. 158.)

If there was a general custom or usage in that city in regard to sales of grain, by sample, it became a part of the contract of sale in the absence of express stipulation, and it was competent for the defendant to prove it. (*Stewart* v. *Scudder,* 4 Zab. 96; *Barton* v. *McKelway,* 2 Zab. 165; *Barnard* v. *Kellogg,* 10 Wall. 383; *Beirne* v. *Dord,* 1 Seld. 95; *Hinton* v. *Locke,* 5 Hill, 437; Story on Sales, § 376; Benjamin on Sales, § 798; Parsons on Contracts, 535; *Robinson* v. *The U. S.,* 13 Wall. 363; *Field* v. *Lelean,* 6 H. & N. 617; *Clark* v. *Baker,* 11 Met. 186.)

*Henry E. Highton,* for Respondent.

The sale was made directly and clearly by sample, exhibited at a place where the bulk of the commodity was not present. Both at the common law and under the Code it was a sale by sample in the strictest sense. (C. C. § 1766; Benjamin on Sales, (Second American Ed.) § 648 and note z, 649 and note d, 650, 651, pp. 599–606; *Polhemus* v. *Heiman,* 45 Cal. 578, 579.)

The contract between the parties, and the warranty resulting therefrom, could not be varied by proof of any custom or usage among grain dealers in San Francisco. The proposal of the appellant was to prove an usage in the very teeth of his own agreement.

The fact that long after having purchased by sample, the respondent examined the hundred and ten tons of barley and received them, to no extent affects his right of recovery, even apart from the special circumstances disclosed by his testimony. He was perfectly authorized to rely upon the contract and warranty, and, when the breach was ascertained, to refuse to accept the barley, or to receive it and recover the damages he had suffered. (Benjamin on Sales (second American edition), § 894, p. 832; *Polhemus* v. *Heiman,* 45 Cal. 579, 580.)

The COURT:

The exception upon which the appellant seems mainly to rely is to that portion of the charge in which the Court in effect told the jury: That where goods are sold by sample the law implies a warranty that the articles shall not be inferior in quality to the sample, and that if they are the purchaser may accept them and bring an action for the breach of warranty. Such we understand to be the law. (*Polhemus* v *Heiman*, 45 Cal. 573.)

The charge as to the measure of damages was in accordance with the rule contained in the Code. (C. C. 3313). Evidence of what the usage or custom in San Francisco was as to sales by sample, was properly rejected. (*Polhemus* v. *Heiman*, 50 Cal. 438, 441).

The instructions asked by the defendant contradicted those given and excepted to, and there was no error in refusing to give them.

There was some conflict in the evidence upon the main issue, and it appears to have been fairly submitted to the jury.

Judgment and order affirmed.