[S. F. No. 662.   Department Two.—November 2, 1897.]

COUNTY OF SONOMA, Respondent, v. SAMUEL CROZIER, Appellant.

EMINENT DOMAIN—CONDEMNING LAND FOR PRIVATE WAY—ACTION BY COUNTY —INSUFFICIENT COMPLAINT.—A complaint in an action by a county to condemn the land of the defendant for a private way, which merely avers the filing of a sufficient petition and the giving and approval of the bond, and that afterward such proceedings were had that, on a day specified, the board of supervisors of the county, by order duly given and made, directed the district attorney to institute condemnation proceedings, but which fails to state that viewers were appointed, or that they proceeded to lay out the road, or that they made or filed any report, or that the report was approved, or that damages awarded had been tendered to defendant and refused by him, fails to state a cause of action.

ID.—JURISDICTION OF BOARD—COMPLIANCE WITH STATUTE ESSENTIAL—EFFECT OF ORDER DIRECTING SUIT—CONSTRUCTION OF CODE.—A complaint in condemnation proceedings must show that the board had jurisdiction to make the order for the institution of condemnation proceedings; and unless the board complies with the requirements of the statute its orders are void; and section 2690 of the Political Code, which makes the order for the institution of the suit conclusive as to the regularity thereof, must be understood as providing that when the board has jurisdiction mere irregularities are harmless, and not as providing that the board can make a valid order opening a road over private property without a substantial compliance with the requirements of the code.

APPEAL from a judgment of the Superior Court of the County of Sonoma. R. F. Crawford, Judge.

The facts are stated in the opinion of the court.

Wickliffe Matthews, for Appellant.

Emmet Seawell, District Attorney, and T. J. Butts, Assistant District Attorney, for Respondent.

TEMPLE, J.—This is a proceeding to condemn a strip of land for a private way, and the case is presented on a demurrer to the complaint. The demurrer was overruled, and the defendant did not answer. Judgment went against him, and he now appeals, resting on his demurrer.

The complaint avers the filing of a sufficient petition and the giving and approval of the bond, and that afterward such proceedings were had that on the ninth day of October, 1895, the board of supervisors of said county, by order duly given and made, directed the district attorney, etc.

The complaint fails to state: 1. That viewers were appointed; 2. That they proceeded to lay out the road: 3. That they made or filed any report; 4. That the report was approved; or 5. That damages awarded had been tendered to defendant and refused by him.

The respondent contends that these allegations are not necessary because section 2690 of the Political Code makes the order directing suit to be brought conclusive as to the regularity thereof, and directs the court then to proceed without reference to the proceedings before the board.

But it must appear that the board had jurisdiction to make the order, otherwise it is simply waste paper and not an order at all. It has been repeatedly held that the board must comply with the statute, otherwise its orders are void. It cannot be possible that a property owner can be put to the expense of a suit for condemnation, when a judgment can amount to nothing but the imposition of costs on all parties concerned; for if the proceedings are void there would be no road. Or, if it be contended that the subsequent order opening the road would be valid, although there had been no proceedings before the board except the filing of a petition and the approval of a bond, then it might become so without giving a property owner the opportunity to be heard, which is guaranteed by the statute. If we were to concede that the legis-

lature might have provided for laying out a road without giving the owners an opportunity to be heard otherwise than in the suit for condemnation, still such is not the mode adopted. The final order opening the road is void unless all the requirements of the statute have been substantially complied with, and the order directing the condemnation suit must be equally so.

There is no claim that this is a "determination" of a board which can be pleaded as provided in section 456 of the Code of Civil Procedure. Relying upon *Los Angeles County v. San Jose etc. Co.*, 96 Cal. 93, counsel contend that the order directing the condemnation suit was conclusive as to the regularity of all the proceedings up to that time. Even the legislature cannot prevent one who is sued in the name of the county from objecting that the suit is unauthorized. In the case cited, it is said that the statute simply prescribes a rule of evidence. In *County of Siskiyou v. Gamlich*, 110 Cal. 94, it is said: "To make out a *prima facie* case, it was only incumbent upon the plaintiff to prove the presentation of a regular petition to the board of supervisors, with a good and sufficient bond, the record of the board showing the appointment of viewers, the report of the viewers in proper form, and its approval, the assessment of damages, and the setting apart out of the proper fund of the money awarded to the defendant, his refusal for ten days to accept the same, and the order to commence the suit for condemnation."

The case relied upon by the respondent is cited as authority for this proposition. If it is necessary to prove these facts they should be alleged, and section 2690 of the Political Code must be understood as providing that when the board has jurisdiction mere irregularities are harmless, but it does not provide that the board can make a valid order opening a road over private property without a substantial compliance with the requirements of the code.

The judgment is reversed, and the court is directed to sustain the demurrer.

McFarland, J., and Henshaw, J., concurred.