SAN FRANCISCO & SAN JOAQUIN VALLEY RAILWAY
COMPANY, Respondent, v. GEORGE H. GOULD, Appel-
lant.

EMINENT DOMAIN—CONDEMNING RIGHT OF WAY FOR RAILROAD—INSUFFI-
CIENT DESCRIPTION.—In an action to condemn a right of way for a
railroad, the complaint must sufficiently describe each piece of
land sought to be taken, so that it may be readily and clearly
identified prior to the construction of the road; and where the
description in the complaint and in the map accompanying it
do not definitely describe or identify the line of the road, or the
land sought to be taken, and tne same cannot be accurately de-
termined therefrom by a surveyor, it cannot sustain a judg-
ment of condemnation.

ID.—RELATIVE VALUE OF LAND IMMATERIAL.—The question whether the
appellant may or may not sustain a pecuniary loss, according as
the road is constructed upon one line or another across his
land, cannot be considered upon appeal from a judgment which
does not identify such line, or the piece of land taken from the
appellant.

APPEAL from a judgment of the Superior Court of Tulare
County.  Wheaton A. Gray, Judge.

The facts are stated in the opinion.

George H. Gould, appellant, in pro. per.

E. F. Preston, and Bradley & Farnsworth, for Respondent.

HAYNES, C.—This action is prosecuted by said railway com-
pany to condemn a right of way for its railroad over the lands
owned by defendant.   The defendant demurred to the com-
plaint specially that the description of the land sought to be
condemned is uncertain, and generally that a cause of action is
not stated.   These grounds of demurrer are based substantially
upon the same alleged defect, and are aimed at paragraph 3 of
the complaint, which reads as follows:

"That the following is a description of the land so as aforesaid
required for the right of way of said railroad of plaintiff, viz:   A
strip of land one hundred feet wide lying equally on each side of
the center line of plaintiff's railroad, where same is located
through the east one-half (E 1-2) of section 9, township 24 south,

range 24 east, M. D. B. & M., said center line being more par-
ticularly described as follows: Beginning for same at a point
where said center line intersects the northwest boundary of lot
one of said section 9, at or near engineer's station 2218+66, run-
ning thence in a general southeasterly direction a distance of five
thousand and ninety feet, more or less, to where said center line
intersects the east boundary of the east one-half of said section
9, at or near engineer's station 2269+56, said tract of land con-
taining an area of eleven and seven-tenths (11 7-10) acres, more
or less."

It is also alleged that a map of the road, so far as it is involved
in this proceeding, is annexed to the complaint as an exhibit and
made part thereof.

Appellant contends that the description and map of the land
sought to be condemned are each and both insufficient.

Section 1244 of the Code of Civil Procedure, subdivision 4,
provides: "If a right of way be sought the complaint must show
the location, general route, and termini, and must be accompa-
nied by a map thereof, so far as the same is involved in the action
or proceeding; 5. A description of each piece of land sought to
be taken, and whether the same includes the whole or only a part
of an entire parcel or tract."

In *California Cent. Ry. Co. v. Hooper*, 76 Cal. 404, 413, it was
said: "The judgment must be so far certain as that the parties,
and any ministerial officer who may be called on to enforce the
judgment, may know what land is to be taken and paid for."

The "description" of each piece of land sought to be taken
obviously means such description as will readily and conveniently
identify the land before the road is constructed, and upon which
alone its construction is to be authorized by the judgment. The
beginning point is alleged to be "where said center line inter-
sects the northwest boundary of lot one of said section 9, at or
near engineer's station 2218 + 66." The complaint does not in-
form us how it happens that there is a "northwest" boundary of
lot 1, though the map referred to as exhibit A purports to be a
map of "All of section 9 east of swamp land line," and there is
laid down a line running in a southwesterly direction, if we
assume that the top of the map is north—for there is no indica-
tion of the points of the compass, nor is it marked on the map

as the swamp land line.   The judgment describes the parcel taken as it is described in the complaint without any reference to the map.   It will also be noticed that the point where the center line of the road intersects the northwest line of lot 1 is not given by course and distance from the north line of section 9, and the only indication of that point of intersection is "at or near engineer's station 2218 + 66."   How such stations are marked does not appear; but assuming, as I think we may, that they are marked by temporary stakes which may be readily changed, or be destroyed in the construction of the road, there could be no certainty that the road, if now constructed, is where said stations indicated it would be, or if the stake were found there is no way by which it could be determined that it is now where it was when the complaint was filed.

So, the point of exit from appellant's land is "at or near" station 2269 + 56, "where said center line intersects the east boundary of the east half of said section 9."   But whereabouts on that line?   How far from a section corner?   The distance between these two points or stations is stated to be "five thousand and ninety feet, more or less," and the course "a general southeasterly direction."   Is it a straight line, or a curved line?   How is it marked between these stations, or is it marked at all?   Is the point of entrance upon appellant's land and the exit therefrom *at*, or *near*, said stations?   If not *at*, how near, or in what direction, from said stations?   What distance may be included or meant by the word "near?"

All that was said in *California Cent. Ry. Co. v. Hooper, supra*, in relation to the map in that case, applies here, except that in this case the map is marked, scale 1,000 ft. 1 in., while in that case no scale was marked.

Section 1242, of the Code of Civil Procedure, permits an entry upon land desired to be taken for public use to "survey and locate the same," and therefore there should be no difficulty in making a map that would show precisely the location of the road in all its parts.   In *Convers v. Grand Rapids etc. R. R. Co.*, 18 Mich. 466, it was said: "We understand by 'map and survey' not only a delineation on paper or other material, giving a general or approximate idea of the situation of the road, but also such full and accurate notes and data as are necessary to furnish complete

means for identifying and ascertaining the precise position of every part of the line with courses and distances throughout, so that there can be no doubt where any portion of it is to be found. A map can be made to contain all these data, so as to need no reference to field notes, but the information must exist somewhere. The map before us is singularly deficient. It purports to be drawn by a scale, but the lines of the road are not so laid down as to enable anyone by the use of instruments to ascertain its location with any degree of accuracy. There is nothing to show its distance from corners or other boundaries at any part of the line. There are no courses or distances given, either on straight lines or on curves."

In the case before us, as before stated, the description in the complaint does not indicate whether the line of the road sought to be condemned is straight or curved, and the judgment follows the language of the complaint. The map shows that a portion of the line is curved, but the map is neither copied or referred to in the judgment, which becomes the evidence of title of the railway company, so that if a surveyor were to take the judgment and go upon the land it would be impossible for him to locate the line of the road between the two engineer's stations there named, or if these were destroyed he could only determine that the right of way entered appellant's land somewhere on the northwest side and left it somewhere on the east side.

It is true that the complaint alleges "that said railroad has been definitely located by plaintiff over and through the parcel of land hereinafter described"; but it is not shown or alleged that it was marked upon the ground by stakes, or in any manner, other than the mention of two "engineers' stations," nearly a mile apart, with no intimation as to whether the line between them is straight or curved, though the map shows that a portion of the line is curved, but the radius of the curve, or where it begins, cannot be accurately determined by the map.

Respondent contends that as the appellant answered and had a trial to which he has taken no exceptions, that the judgment should not be reversed upon the ground that his special demurrer was overruled, because it does not appear that he was injured, and cites *Shade v. Sisson etc. Co.*, 115 Cal. 371. The

reference is to a dissenting opinion, and not to the opinion of the court; but, without discussing the question there involved, it is sufficient to say that that case was an ordinary action upon an account, while this is a *special proceeding* by a railway company to acquire a portion of defendant's land without his consent and against his will, and therefore the requirements of the statute must be fully and fairly complied with.

Respondent also cites several cases with reference to the signification of the word "located." *West v. West etc. R. R. Co.*, 61 Miss. 536, 20 Am. & Eng. R. R. Cas. 402, was an action of trespass *quare clausum fregit* to recover damages caused by the construction of the road, and the defendant justified its entry by setting up a condemnation of the land under the provisions of its charter. The second replication was that the defendant trespassed by digging other parts of the land than that condemned. It was said that "the verdict of the jury shows that the jurors had carefully examined the land along the line of the said railroad," that "it is shown by the evidence that the road had not been constructed at the time of the award by the jury, but we think it is sufficiently shown that the 'location' had been made by visible marks indicating the line." No objection was taken by the plaintiff at the time of the proceedings to condemn.

In *Sioux City etc. Ry. Co. v. Chicago etc. Ry. Co.*, 27 Fed. Rep. 770, 25 Am. & Eng. R. R. Cas. 150, the line was first located by the defendant "over the premises by a survey thereof, and had staked off such line and placed stakes along the center of the line upon the premises at intervals of one hundred feet." The bill in this case was to enjoin the defendants from proceeding with the condemnation of the right of way over said premises.

The third case cited is *Railway Co. v. Alling*, 99 U. S. 463, and it involved the conflicting claims of two railroads to occupy the grand canon of the Arkansas in Colorado, under the act of Congress of 1872, and subsequent amendments, regulating the occupation of narrow canons in the public lands. We find nothing in this case which will aid us in deciding the case before us.

Section 269 of Wood's Railway Law, cited by respondent, relates to the "mode of construction," and damages arising therefrom, and not at all to damages for right of way, or of proceedings to condemn.

It may be that it is a matter of little real consequence to appellant, in a pecuniary sense, whether the road shall be constructed on any particular line across his land, which for aught we know is unimproved and of little value; but there may be cases where a proper description and a proper map may be of vital importance, and so long as the law does not distingush between cases the courts cannot; for if property of little value may be taken under materially defective proceedings, property of the greatest value may be so taken.

We advise that the judgment be reversed, with directions to the court below to sustain the demurrer to the complaint, with leave to the plaintiff to amend his complaint and map.

Chipman, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed, with directions to the court below to sustain the demurrer to the complaint, with leave to the plaintiff to amend his complaint and map.

McFarland, J., Temple, J., Henshaw, J.