[Sac. No. 615.    Department Two.—September 27, 1900.]

COUNTY OF SUTTER, Respondent, v. MARY J. McGRIFF et al., Appellants.

ACTION BY COUNTY—PLEADING—STYLE OF NAME—CERTAINTY.—An action by a county is properly brought by styling the name of the plaintiff as "The county of" the name specified; and the complaint is not subject to a demurrer for uncertainty in so styling the county plaintiff.

ID.—CAUSES OF ACTION NOT SEPARATELY STATED—DEMURRER—MOTION.— That several causes of action are not separately stated in the complaint is not ground of demurrer, but the objection should be taken advantage of by motion that they be severed and separately pleaded.

ID.—SUFFICIENCY OF FINDING—REFERENCE TO COMPLAINT.—A finding that all of the allegations of the complaint are true is a sufficient finding upon the issues raised thereupon.

ID.—ACTION TO CONDEMN LANDS FOR HIGHWAY—EVIDENCE—PRIMA FACIE CASE—OATH OF VIEWERS—BURDEN OF PROOF.—In an action by a county to condemn lands for a public highway, if a *prima facie* case is made by the requisite evidence in proper form, it is not incumbent upon the county in the first instance to prove that the viewers took the required oath for the faithful discharge of their duties, but the burden is upon the defendant to disprove it.

ID.—ORDER SETTING APART DAMAGES ASSESSED—DESIGNATION OF FUND. An order by the supervisors that the amount of damages assessed and awarded be set apart in the treasury of the county "out of the proper fund," to be paid in accordance with the law, is sufficient. It need not specify the particular fund from which the moneys were to be drawn.

ID.—COMPLIANCE WITH ORDER—PROOF ESSENTIAL—PRESUMPTION.—The county must prove compliance with the order of the supervisors by the treasurer, and that the moneys awarded as damages were in fact sequestered in the treasury, and were available for compensating the owners of the land; and the absence of such proof cannot be supplied by a presumption that official duty was regularly performed.

ID.—TENDER OF COMPENSATION—COMPLIANCE WITH LAW—FAILURE OF PROOF.—The requisites of the tender of compensation prescribed by the law must be strictly complied with; and in the absence of proof of compliance by the treasurer with the order of the supervisors it must be held that the county failed to make its tender and to keep it good.

APPEAL from an order of the Superior Court of Sutter County denying a new trial.   E. A. Davis, Judge.

The facts are stated in the opinion of the court.

Forbes & Dinsmore, and K. S. Mahon, for Appellants.

A. C. McLaughlin, and M. E. Sanborn, for Respondent.

HENSHAW, J.—This action was brought by the county of Sutter to condemn certain lands for a public highway, after statutory proceedings had before the board of supervisors. The cause was tried without a jury, judgment passed for plaintiff, and from the order denying them a new trial defendants appeal.

Most of the propositions which they present in support of their appeal may be briefly disposed of.

1. The demurrer to the complaint for uncertainty and unintelligibility was properly overruled.   This demurrer was based upon the ground that the complaint charges in the name of "The county of Sutter," when there is no political subdivision of the state bearing such designation, and the true and only name of the county is "Sutter."   But as article VI, section 6, of the constitution of the state names "The counties of Yuba and Sutter," and as certificates of acknowledgment under section 1189 of the Civil Code are expressly required to state the venue, as "state of ————, county of ————," it would seem that this contention does not even merit the notice which has thus been given it.

2. That the causes of action were not separately stated in the complaint was not ground of demurrer, but should have been taken advantage of by motion to sever and separately plead them. (*Fraser v. Oakdale Lumber etc. Co.*, 73 Cal. 188; *Bernero v. South British and Nat. Ins. Co.*, 65 Cal. 386; *City Carpet etc. Works v. Jones*, 102 Cal. 506, 510.)

3. The court found that all of the allegations of the complaint were true. This was a sufficient finding upon the issues. (*Moore v. Clear Lake Water Works*, 68 Cal. 146.)

4. The description of the land sought to be condemned, set forth in the complaint and in the findings of the court, was sufficiently explicit.

5. In *County of Siskiyou v. Gamlich*, 110 Cal. 94, the rule of evidence governing cases such as this is laid down. This rule is repeated with approval in *County of Sonoma v. Crozier*, 118 Cal. 680. It is there said: "To make out a *prima facie* case, it was only incumbent upon the plaintiff to prove the presentation of a regular petition to the board of supervisors, with a good and sufficient bond, the record of the board showing the appointment of viewers, the report of the viewers in proper form, and its approval, the assessment of damages, and the setting apart out of the proper fund of the money awarded to the defendant, his refusal for ten days to accept the same, and the order to commence the suit for condemnation." Under this rule, if the requisite evidence in proper form is presented, a *prima facie* case for condemnation is established, and it is incumbent upon the defendant to disprove, and not upon the plaintiff in the first instance to prove, that the viewers in fact took the required oath for the faithful discharge of their duties.

6. In the case at bar, there were shown the presentation of a regular petition to the board of supervisors, with a good and sufficient bond, the record of the board showing the appointment of viewers, the report of the viewers in proper form, and its approval by the board, and the assessment of damages. Proof was made that the board of supervisors ordered that the amount of damages assessed and awarded be set apart in the treasury of the county "out of the proper fund," to be paid in accordance with the law. This order was sufficient. It was

not incumbent upon the supervisors in making their order to specify the particular fund from which the moneys were to be drawn. (*Babcock v. Goodrich,* 47 Cal. 488, 509; *White v. Hayden,* 126 Cal. 621.)

7. The evidence of the plaintiff wholly failed to show any compliance with the order of the board. It failed to show whether the moneys awarded as damages were, in fact, sequestered in the treasury, or whether there were any moneys available for the purpose of compensating the owners of the land. This absence of proof is admitted by respondent, but it is said that, under the presumption that official duty has been regularly performed, it will be presumed that the treasurer did, in fact, set aside from the proper funds the requisite amount of moneys under the order of the board of supervisors. But the presumption as to the performance of official duty cannot save this point, for the following reason: The statutory provisions relative to this matter provide a special form of tender which must be made to the land owner before suit in condemnation may be begun. It is essential, since the law has prescribed it, that the requisites of such tender shall be strictly complied with. In effecting the tender it is required that the amount of money shall be absolutely set apart in the treasury and held for the full period of ten days, subject to the demand of the rightful owner of the land. Unless this is done, and is shown to have been done, the county's right of action does not arise, since the statute has seen fit to make this tender a prerequisite to that right. Indulging, then, to its fullest extent, the presumption as to the performance of official duty, it may be presumed that the treasurer did all that was in his power to comply with the order of the board of supervisors; but no presumption can be indulged in to the effect that at the time of the order there was actually money in the proper fund sufficient and available for the indicated purposes. In the absence of this proof it must be held that the county failed to comply with the law in making its tender and keeping it good.

And for this reason the order appealed from must be reversed and the cause remanded.

Temple, J., and McFarland, J., concurred.