[Sac. No. 722.   Department One.—June 4, 1902.]

COUNTY OF SUTTER, Respondent, v. J. B. TISDALE et al., Appellants.

PUBLIC HIGHWAY—CONDEMNATION BY COUNTY—EVIDENCE—PRIMA FACIE CASE.—In an action by a county to condemn the right of way for a public road, the introduction of evidence of the petition to the board of supervisors to lay out the road, with the bond accompanying the same for payment of costs and expenses of viewing and surveying the route, the record of the board showing the appointment of the viewers, with their report and its approval by the board, and the assess-

ment of the damages, and the order of the board that the amount assessed and awarded be set apart in the treasury of the county out of the proper fund, to be paid to the respective owners, with proof that the same was set apart for that purpose more than ten days before the commencement of the action, and that the defendants had not accepted the same, established a *prima facie* case, and, in the absence of any countervailing evidence, the plaintiff was entitled to a judgment of condemnation.

ID.— ROUTE OF ROAD—CONCLUSIVE DETERMINATION OF SUPERVISORS— COLLATERAL ATTACK.—In an action to condemn land for a public road, the determination by the board of supervisors as to the public necessity of a road between two designated points, and as to the particular route of such road, and as to the report of the viewers thereupon, is final and conclusive, and is not subject to collateral attack.

ID.—CODE RULE—CONCLUSIVE ORDER OF BOARD—INADMISSIBLE EVIDENCE —REPORT OF VIEWERS—INFORMALITIES.—Under section 2690 of the Political Code, which declares that in the action for condemnation "no informality in the proceedings of the board shall vitiate said suit, but the said order of the board directing the district attorney to bring suit shall be conclusive proof of the regularity thereof," the fact that the viewers only reported upon the feasibility and cost of a changed route proposed by them, and failed to report upon the cost of the road upon the route proposed in the petition, and any objections to the form of their report and the manner in which they performed their duty, and to any irregularity in the form of the bond presented with the petition, or in the form of the clerk's notice to the landowners, are immaterial; and evidence in reference thereto, and to show how far the route reported varied from the route proposed in the petition, was properly excluded.

ID.—BOND ACCOMPANYING PETITION—APPROVAL OF BOARD.—Where the bond accompanying the petition was for the sum of one hundred dollars, and was conditioned for the payment of "all the costs of viewing and surveying the proposed road paid for," its approval by the board of supervisors was equivalent to a declaration by that body that the sum named was double the amount of the probable cost.

ID.—PETITION FOR HIGHWAY—ADMISSIBILITY—SUFFICIENCY.—The petition to the board of supervisors to lay out the proposed road, being admissible under the allegations of the complaint, its sufficiency as well as its admissibility was not impaired by the fact that, in addition to asking that a new road be laid out, it also asked that the old road be abandoned.

ID.—EVIDENCE—CONJECTURED ACTION AS TO LEVEE.—A question asked of a witness with reference to a levee under future conjectured action of the county was properly disallowed as irrelevant.

ID.—APPEAL—ORDER DENYING NEW TRIAL—SUFFICIENCY OF COMPLAINT. —Objections to the sufficiency of the complaint cannot be considered upon an appeal from an order denying a new trial.

APPEAL from an order of the Superior Court of Sutter County denying a new trial. E. A. Davis, Judge.

The facts are stated in the opinion of the court.

Forbes & Dinsmore, for Appellants.

A. C. McLaughlin, District Attorney, M. E. Sanborn, and Lawrence Schillig, for Respondent.

HARRISON, J.—The district attorney of Sutter County brought the present action, under the direction of the board of supervisors of that county, to procure by condemnation the right of way for a public road that the board of supervisors had determined should be laid out over the lands of the defendants. The action was tried by the court without a jury, and upon its findings of fact judgment was rendered in favor of plaintiff. The present appeal is from an order denying defendants' motion for a new trial.

At the trial the plaintiff introduced in evidence a petition to the board of supervisors to lay out the road, together with a bond accompanying the same for the payment of the costs and expenses of viewing and surveying the route, the record of the board showing the appointment of viewers, the report of the viewers and its approval by the board, and the assessment of damages, the order of the board that the amount of damages assessed and awarded be set apart in the treasury of the county out of the proper fund, to be paid to the respective owners; that the same was set apart for that purpose more than ten days prior to the commencement of this action, and that the appellants had not accepted the same. This evidence, in the absence of any evidence countervailing or impeaching the same, made out a *prima facie* case, under which the plaintiff was entitled to a judgment of condemnation. (*County of Siskiyou* v. *Gamlich,* 110 Cal. 94; *County of Sonoma* v. *Crozier,* 118 Cal. 680; *County of Sutler* v. *McGriff,* 130 Cal. 124.) In their statement of the case the appellants do not claim that the evidence is insufficient to sustain the findings, but specify certain errors of law as the ground of their motion, and urge the same upon the present appeal.

In their report to the board of supervisors the viewers stated that upon a survey and examination of the route pro-

posed for the road they found the general route to be good,
but that some parts were impracticable, and that they had
located a route for the road near the one proposed, which
they recommended for adoption. They reported upon the
feasibility and cost of the route proposed by them, but did
not report upon the cost of the road over the proposed route.
The appellants urge that the provision in section 2686 of the
Political Code, requiring the viewers to report to the board of
supervisors "the course, termini, length, and probable cost
of construction of the proposed road," is mandatory, and
that their failure to report these facts is fatal to the proceed-
ings. Section 2685 of the Political Code provides that the
viewers "must view and lay out the proposed alterations,
or new road, over the most practicable route, and in the per-
formance of this duty they shall be required to make the pro-
posed alterations, or new road, over the same lands mentioned
in the petition, but shall not be confined to any particular
route indicated therein." And subdivision 6 of section 2686
declares that "they may also, in their discretion, report upon
the feasibility and cost of any other route than the one peti-
tioned for which would subserve the same purposes."

The authority to lay out and open a new road has been
intrusted by the legislature to the board of supervisors of
each county, and the determination by that body that the
public necessity requires a road to be laid out between two
designated points, as well as the particular route of such road,
is legislative in its character, and not open to review in an
action like the present. The provision in the code for the
appointment of viewers, and for their report, as well as the
direction that notice shall be given to the landowners of
the hearing upon this report, are for the purpose of giving in-
formation to the supervisors upon the subject of the petition,
and to aid them in reaching an intelligent determination
upon the subject of laying out the road, but their determina-
tion thereof is final, and cannot be questioned upon the
ground that it was not authorized by the evidence before
them. Certain preliminary steps are to be taken before an
action for condemnation can be maintained against non-con-
senting landowners, but in such action the determination of
the board of supervisors is to be regarded as a final judgment
in another proceeding before a competent tribunal, and is not

subject to a collateral attack. (*County of Humboldt* v. *Dinsmore*, 75 Cal. 604; *County of Siskiyou* v. *Gamlich*, 110 Cal. 94; *Levee Dist. No. 9* v. *Farmer*, 101 Cal. 178.) This rule is incorporated in section 2690 of the Political Code, which declares that in the action for condemnation "no informality in the proceedings of the board shall vitiate said suit, but the said order of the board directing the district attorney to bring suit shall be conclusive proof of the regularity thereof." Under this rule the failure of the viewers to report upon the cost of the road upon the route proposed in the petition, the form of the bond which was presented with the petition, the form of the clerk's notice to the landowners, the form of the report by the viewers, the manner in which the viewers performed their duty, became immaterial, and evidence in reference thereto, as well as the evidence offered by the defendants for the purpose of showing how far the route reported varied from the route proposed in the petition, was properly excluded by the court.

The bond accompanying the petition was for the sum of one hundred dollars, and is conditioned for the payment of "all the costs of viewing and surveying the proposed road prayed for." Its approval by the board of supervisors was equivalent to a declaration by that body that the sum named therein was double the amount of such probable cost. The petition to the board of supervisors was admissible under the allegations of the complaint. Its efficiency, as well as its admissibility, was not impaired by the fact that in addition to asking that a new road be laid out it also asked that the old road be abandoned. The question asked of the witness Ashley with reference to the levee, under some conjectured action that the county might thereafter take, was irrelevant to any question before the court, and the answer thereto was properly excluded.

The objections to the sufficiency of the complaint cannot be considered upon an appeal from the order denying a new trial.

The order is affirmed.

Van Dyke, J., and Beatty, C. J., concurred.