[S. F. No. 1098. Department Two.—May 23, 1903.]

## COUNTY OF MADERA, Respondent, v. RAYMOND GRANITE COMPANY, Appellant.

EMINENT DOMAIN—BOND ACCOMPANYING PETITION FOR ROAD.—A bond given in support of a petition to the supervisors for a private road, in the penal sum of six hundred dollars, reciting that the probable cost of viewing and laying out the proposed road would not exceed half that amount, is sufficient, and is not subject to the criticism that the bond must be an unlimited and unconditional promise on the part of the bondsmen.

ID.—JUDGMENT OF CONDEMNATION—FINAL ORDER.—The final order for condemnation should follow the judgment of condemnation, and it will be presumed that it did so follow, where the final order was made and filed on a specified date, as of a prior date, being the date of the judgment of condemnation. The reference to the prior date performs no other office than to identify the order as supplementing the judgment of condemnation.

ID.—APPEAL UPON JUDGMENT-ROLL—PAYMENT OF DAMAGE PRIOR TO JUDGMENT—ERROR NOT PREJUDICIAL.—Upon an appeal taken upon the judgment-roll alone, the appellant cannot be heard to complain that there was no evidence to show payment of the damage money; but the recital of its payment in the final order appealed from is conclusive, and the statement of the final order that it was deposited prior to the judgment of condemnation does not show any error to the prejudice of appellant; but the statement will be deemed a clerical error, owing to the probable fact that the amount was ascertained and the deposit made at the hearing, though the judgment as entered bore a later date.

ID.—CONDEMNATION BY MUNICIPAL CORPORATION—FORM OF JUDGMENT—PAYMENT INTO COURT.—Where the money payable by a municipal

corporation for the condemnation of land for a private road has been paid into court, and was subject to the defendant's call, any error in the form of the judgment as being *in personam* against the city, on which an execution cannot issue, is without injury to the defendant.

ID.—DESCRIPTION OF LAND CONDEMNED.—Where the description of the land condemned is aided by a map attached to and made part of the complaint, and which is referred to in the judgment, and a surveyor could with the description and the map have no difficulty in definitely locating the road, the description is sufficiently certain.

ID.—CONSTITUTIONAL LAW—CONDEMNATION FOR PRIVATE ROAD—CASE AFFIRMED.—A private road is in effect a public road, and is called a private road merely for purposes of classification, and the statute allowing condemnation of land therefor is not in conflict with the constitution. *Sherman* v. *Buick,* 32 Cal. 253,[1] approved.

ID.—APPORTIONMENT OF COSTS—APPEAL.—The statute provides for allowance, or disallowance, or apportionment of costs, in the discretion of the court. The appellant cannot raise the question as to the proper adjustment of costs where the appeal is upon the judgment-roll.

APPEAL from a judgment of the Superior Court of Madera County and from a final order condemning land for a private road.  W. M. Conley, Judge.

The facts are stated in the opinion.

A. A. Moore, and Robert L. Hargrove, for Appellant.

William M. Gibson, R. R. Fowler, and H. M. Owens, for Respondent.

CHIPMAN, C.—Appeal by the defendant from the judgment and from the final order condemning land of defendant for a private road.  Wilhelmina McLennan filed her petition with the board of supervisors of Madera County for a private road.  The proceedings before the supervisors culminated in an order to bring this action to condemn defendant's land.

1. It is urged that the bond given in support of the petition for the road was insufficient.  The petition and bond are set out in the complaint.  The bond was in the penal sum of six hundred dollars, and recited that the probable cost of viewing

---

[1] 91 Am. Dec. 577.

and laying out of the proposed road would not exceed half that amount. The objection is, that section 2692 of the Political Code requires a bond not only in conformity with the bond required in petitioning for a public road (sec. 2683), but that it shall be further conditioned that the "bondsmen will pay to the person over whose lands said road is sought to be opened his necessary costs and disbursements in contesting the opening of such road, in case the petition be not granted and the road finally opened." It is contended that this provision can only be met by an unlimited and unconditional promise on the part of the bondsmen, whereas the bond here given was for a limited amount. Appellant relies on *Geary* v. *Board of Supervisors,* 107 Cal. 530. That was a direct attack on the legality of the proceedings before the board of supervisors, by writ of review, and the question of the sufficiency of the bond to give jurisdiction was properly raised. The attack here is collateral. Section 2690 of the Political Code declares that in the action for condemnation "no informality in the proceedings of the board shall vitiate said suit, but the said order of the board directing the district attorney to bring suit shall be conclusive proof of the regularity thereof." In *County of Sutter* v. *Tisdale,* 136 Cal. 474, which was an action to condemn for a public road, the court said: "Certain preliminary steps are to be taken before an action for condemnation can be maintained against non-consenting land-owners, but in such action this determination of the board of supervisors is to be regarded as a final judgment in another proceeding before a competent tribunal, and is not subject to a collateral attack." (Citing cases.) Referring to the rule as embodied in the code, *supra,* it was said, *inter alia:* " . . . the form of the bond which was presented with the petition . . . became immaterial." Conceding that appellant's view of the statute is correct, the question cannot be raised in this action.

2. The judgment of condemnation was made March 11, 1902, and was filed March 12, 1902. The final order of condemnation was made and filed May 23, 1902, and concludes as follows: "Done in open court, this twenty-third day of May, 1902, for and as of date March 11, 1902." It recites: "It appearing that a judgment was rendered in favor of the

plaintiff in the above-entitled action on the eleventh day of March, 1902, wherein it was ordered that the plaintiff pay to the defendant the sum of,'' etc.   It is further recited: ''And it further appearing that the sum of $66.25 was deposited with the clerk of the superior court . . . on the thirtieth day of January, 1902, by the plaintiff in the above-entitled action, in compliance with said order, now, therefore,'' etc.   Upon this showing several points are made.   It is said that the final order antedates the preliminary judgment and took effect March 11, 1902; that there is no evidence showing payment of the damage money, and that appellant had no notice of the application for the final order, and no opportunity to be heard in opposition to its entry, and that it was inadvertently signed by the trial judge, as it appears that he had before him only the judgment-roll; and lastly, that the damage money was paid, if paid at all, more than a month before the judgment was entered, and was therefore unauthorized.   The final order shows on its face that it was made and entered on May 23, 1902, and the court had no power to make it until after the judgment of condemnation.   Why the court undertook to give it effect of March 11th is not apparent.   If there was any occasion for such provision, and it was competent for the court to make such a *nunc pro tunc* order, it will be presumed that it did not take effect until after the judgment was entered on the same day—March 11th.   The final order should follow the judgment, and it will be presumed that it did so follow.   We think, however, it took effect when entered, May 23d, and the clause ''for and as of date March 11, 1902,'' performs no other office than to identify the order as supplementing the judgment of the latter date.

This is an appeal on the judgment-roll alone.   Appellant cannot be heard to complain that evidence was wanting to show payment of the damage money.   The recital is conclusive.   If the final order was entered without notice to appellant of the hearing, the record should so show.   There is a certificate signed by the trial judge, printed in the record, but it bears date subsequent to the notice of appeal and subsequent to stipulation of counsel as to printing the transcript, and forms no part of the judgment-roll.   How it got into the record does not appear, and respondent objects to its consid-

eration. We cannot look to it in support of appellant's claim that he was given no opportunity to be heard, or as evidence that the trial judge inadvertently signed the final order. The statement in the final order that the damage money was deposited January 30, 1902, before the damages were adjudged, is probably a clerical error, arising from the fact, which appears in the judgment, that the hearing took place on that day, but the judgment was not entered until later. Section 1251 of the Code of Civil Procedure provides that "The plaintiff must within thirty days of the final judgment pay the sum of money assessed," etc. Payment or deposit after that time would be too late. (*Glenn County* v. *Johnston,* 129 Cal. 404.) Defendant could not have been injured by the deposit having been made before the judgment was entered. The object of the statute is to require payment within (that is, before the expiration of) a certain time. The judgment would not be void because the payment or deposit was made before it became due or payable. The exact amount of damage awarded was paid, and appellant asks how this could have happened, when the judgment was entered a month afterwards. Probably because the amount was ascertained on January 30th, although the judgment was not entered until later. However this may be, appellant has suffered no injury.

3. It is contended that the judgment is one *in personam,* on which an execution will not issue, the plaintiff being a municipal corporation (*Alden* v. *County of Alameda,* 43 Cal. 270); that the judgment should require payment of the damages by plaintiff to defendant before appropriating its land; that it simply adjudges a money judgment which cannot be enforced by execution. *In re Oregonian Railway Co.* v. *Hill,* 9 Or. 377, is cited to the point "that the judgment must not be *in personam;* that the only judgment the court is authorized to render is one appropriating the right of way to the plaintiff's use, after the payment of the damages assessed by the jury." The judgment decreed that "the plaintiff herein do have condemned under the provision of title VII of part III of the Code of Civil Procedure . . . for a public use; to wit, for the use and purpose of a certain road or highway that certain strip of land [here follows the description]. That the defendant . . . do have and recover from the plaintiff the sum

of [then follows the sum awarded as the value of the land and
the sum "as damages by reason of the severance thereof"].
The final order recites the provisions of the judgment as to
the damages awarded defendant, "and it further appearing
that the sum of $66.25 [the sum awarded] was deposited with
the clerk . . . by the plaintiff . . . now, therefore . . . it is
ordered . . . that the county of Madera, . . . do have and the
same is hereby condemned . . . for a public use, to wit, for
the use and purpose of a certain road or highway, all that cer-
tain piece or parcel of land," etc. (describing it).   The pro-
cedure in eminent domain requires that the right to have
condemnation shall be first determined and at the same time
the damages shall be ascertained if condemnation is awarded.
"The plaintiff must, within thirty days after final judgment,
pay the money assessed; . . ." (Code Civ. Proc., sec. 1251.)
"Payment may be made to the defendants entitled thereto,
or the money may be deposited in court for the defendants to
be distributed to those entitled thereto.  If the money be not
so paid or deposited, the defendants may have execution as in
civil cases; and if the money cannot be made on execution, the
court, upon a showing to that effect, must set aside and annul
the entire proceedings," etc.   (Code Civ. Proc., sec. 1252.)
This section applies to a municipal corporation (*Glenn Co.* v.
*Johnston,* 129 Cal. 404) ; and if the money could not be made
on execution, or was not forthcoming, defendant could have
had the judgment set aside.   (*Glenn Co.* v. *Johnston,* 129 Cal.
404.)   But the money was paid into court and was subject to
defendant's call.   Even if the form of the judgment was not
as it should be, defendant was not injured thereby, and can-
not complain, and plaintiff makes no objection to the form of
its judgment.

4. It is claimed that the description of the land condemned
is uncertain, and therefore insufficient.   (Citing *In re San
Francisco etc. R. R.* v. *Gould,* 122 Cal. 601, and other cases.)
The description is aided by a map attached to and made part
of the complaint, and is referred to in the judgment.  The start-
ing-point is definitely fixed at a point at a fence 4.53 chains
south of the section line between sections 22 and 27, township
8 south, range 19 east, Mount Diablo base and meridian, and
thirty feet east of the mid-line running north and south

through said section 27, "said strip of land being sixty feet wide and lying entirely on the east side of the mid-line or half-section line" just mentioned, and extends parallel with that line to the county road, leading from a known given point to a like given point, all plainly delineated on the map. It is not clearly stated whether this parallel line with said mid-line of section 27 is the west boundary-line of the proposed road or marks its middle. But it does appear that the road lies on the east side of said mid-line of section 27, and is sixty feet wide, which, together with the map, makes plain the description to embrace a road sixty feet wide, whose west boundary is the said mid-line of section 27. A surveyor could with the description and the map have no difficulty in definitely locating the road, and this is sufficient. (*In re California Cent. Ry. Co.* v. *Hooper,* 76 Cal. 404.) In the case cited by defendant there was no map referred to, without which the description was unintelligible.

5. It is contended that the statute authorizing the condemnation of land as a private road is unconstitutional,—1. Because private property cannot be taken for a private use; and 2. Section 2692 of the Political Code is special legislation. Mr. Justice Sanderson, in *Sherman* v. *Buick,* 32 Cal. 253,[1] examined the first of these points, and in an elaborate, and, we think, a well-reasoned, opinion showed that there was no infringement of constitutional inhibitions in enforcing the road law as to private roads. His argument was, that a private road so-called is but a public road by another name; that if the legislature meant anything by the name it was merely for the purpose of classification. He said: "The legislature of this state . . . in the plan devised by them, . . . have, for the purpose of classification, divided roads into public and private, and provides how they may be laid out, established and maintained. The former are to be laid out and maintained at the expense of the county or road district at large, and are therefore called 'public.' The latter at the expense of such persons as are more especially and directly interested in them, and therefore called 'private.' But the latter are as much public as the former, for any one can travel them who has occasion to, and no more can be said of the former. . . . Whether a

---

[1] 91 Am. Dec. 577, and note.

way be public or private does not depend on the number of people who use it, but upon the fact that every one may lawfully use it who has occasion.'' He further said: ''The case of *Taylor* v. *Porter*, 4 Hill, 140,[1] which declares a contrary doctrine, stands comparatively alone, so far as we have been able to discover, and does not command our assent.'' Speaking of the opinion of Bronson, J., by whom the majority opinion was delivered, it was said that he ''construed the New York statute as creating 'a right of way,' in the common-law sense of that term, in favor of one man over another man's land, and not as authorizing the laying out and establishing a species of highway, and, as a matter of course, in view of that reading, held the act to be unconstitutional.'' Continuing, he said: ''The object for which they [private roads] are established is none the less of a public character, and therefore within the supervision of the government. To call them private roads is simply a legislative misnomer, which does not affect or change their real character. By-roads is a better name for them, and one which is less calculated to mislead the uninitiated.'' Appellant characterizes the opinion as *dictum* and as a discussion of questions not raised. I do not find the question distinctly raised and passed upon since *Sherman* v. *Buick*, unless it was in *Monterey County* v. *Cushing*, 83 Cal. 507. I quote from the opinion: ''It is said that the road was a private road under section 2692 of the Political Code, providing for 'private or by-roads,' and that land cannot be condemned for such a purpose. This point is disposed of by the case of *Sherman* v. *Buick*, 32 Cal. 241.[2] . . . It is true that the decision of this point was not strictly necessary to the disposition of the appeal, but it arose in the case and was the main question discussed by counsel. The decision has stood for over twenty years [now thirty-three years], and as the statute has been in force during that time it is probable that many such roads have been opened under it. Under these circumstances the decision should be followed, even if its soundness be questionable, which, however, we are not prepared to say.'' We have only to add that the decision in *Sherman* v. *Buick* meets our entire approval. Appellant's second point, that the statute is special legislation, and there-

---

[1] 40 Am. Dec. 274, and note.    [2] 91 Am. Dec. 577, and note.

fore obnoxious to the present constitution, we think untenable. It does not fall within the definition of special legislation as given in *Pasadena* v. *Stimson*, 91 Cal. 251. As the so-called private road is in fact a public road, its establishment confers no "particular privilege . . . upon a class of persons arbitrarily selected from the general body of those who stand in precisely the same relation to the subject of the law." The statute in fact confers the privilege upon all alike,—that is, the privilege conferred is to be enjoyed by all alike, and the only difference between the "public" and the "private" road is in the manner of its creation.

6. Error is claimed in the judgment as to the costs, which was, that each party should pay its own costs. Section 1255 of the Code of Civil Procedure provides that "Costs may be allowed or not, and if allowed, may be apportioned between the parties on the same or adverse sides, in the discretion of the court." But, aside from the statute, appellent is in no position to raise the question, having appealed on the judgment-roll. (*Alameda* v. *Crocker*, 125 Cal. 101.)

The judgment entered March 12, 1902, should be affirmed, and also the final judgment entered May 23, 1902.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment entered March 12, 1902, is affirmed, and also the final judgment entered May 23, 1902.

Henshaw, J., Lorigan, J., McFarland, J.

On June 22, 1903, the following opinion was rendered by the court in Bank, in passing upon the petition of appellants for a rehearing:—

THE COURT.—The petition for a rehearing in this case is denied. We are of the opinion that the bond given upon the proceedings for the opening of the road was sufficient, and not subject to the criticism made upon it by the appellant. That portion of the opinion to the effect that the proceedings could not be attacked collaterally for a substantial defect in the bond is withdrawn.