[Civ. No. 115.  Third Appellate District.—October 17, 1905.]

## MENDOCINO   COUNTY, Respondent,  v.   WILLIAM PETERS, Appellant.

EMINENT DOMAIN—WIDENING OF HIGHWAY—PUBLIC USE.—An action will lie to condemn land for the alteration of a public road by widening the same. The widening of a public highway is a public use.

ID.—SUFFICIENCY OF COMPLAINT—COMPLIANCE WITH LAW.—Where the nature of the alteration, the location, general route and termini, the description of land sought to be taken, and its relation to the larger parcel of which it was a part, are fully set forth in the complaint, and in the map attached to and made a part thereof by express reference, as well as by the law, and the complaint shows a strict compliance with section 2681 et seq. of the Political Code, including sections 2688 and 2689 thereof, it shows all that the law requires; and a demurrer thereto was properly overruled.

ID.—RECORD UPON APPEAL—BILL OF EXCEPTIONS—DELAY IN NOTICE OF INTENTION—RECITAL IN BILL—AGREED SETTLEMENT—WAIVER OF OBJECTION.—A notice of intention to move for a new trial which shows that it was served and filed too late, if not included in the bill of exceptions settled on the motion, is no part of the record, and a recital in the bill that such notice was seasonably served and filed must prevail over the notice of intention; and where the bill also recites that it was presented in time, and attached thereto is a stipulation that it be settled as correct, all objection to the notice of intention must be deemed waived.

ID.—RECORD NOT AMENDABLE—REVIEW UPON APPEAL.—This court cannot change the authenticated record on the motion for a new trial;

and will not order a diminution of the record to amend the bill of exceptions on motion of the respondent, who cannot urge the objection thereto thus waived; and the bill of exceptions settled on the motion may be considered on an appeal from the judgment.

ID.—AUTHENTICATION OF NEW TRIAL ORDER.—The order refusing a new trial need not and could not be included in the bill of exceptions; and it is sufficiently authenticated by the certificate attached to the transcript that a true and correct copy of the order is therein contained.

ID.—PLEADING—INSUFFICIENT DENIALS—WANT OF INFORMATION AND BELIEF—MATTERS OF RECORD—ADMISSIONS—OBJECTIONS TO EVIDENCE. Denials of the averments of the complaint touching the report of the viewers, the notice of hearing, and the various orders and proceedings of the board of supervisors, which are matters of public record, based on want of information and belief, are wholly insufficient, and such averments stand admitted; and consequently assignments of error based on rulings pertaining to evidence in this behalf need not be considered.

ID.—EFFECT OF ORDERS ADOPTING REPORT AND DIRECTING ACTION—ASSAULTS UPON PETITION AND REPORT—EVIDENCE.—The orders passed by the board of supervisors, adopting the report of the viewers, and directing the district attorney to bring the action for condemnation of land for the widening of the highway, foreclose inquiry touching many assaults made upon the sufficiency of the petition and report, which were properly admitted in evidence.

ID.—REPORT OF VIEWERS—INABILITY TO ASCERTAIN DAMAGES—CURE OF IRREGULARITY.—Where the report of the viewers states their inability to ascertain the damages claimed by the appellant, they were not required to report the damages, and their failure to do so, if an irregularity, was cured by the orders of the supervisors.

ID.—EVIDENCE—AUDITOR'S WARRANT.—The auditor's warrant was admissible in evidence upon the trial of a fact in dispute relative thereto.

ID.—HARMLESS ERROR—EVIDENCE OF DISMISSED PROCEEDING FOR CERTIORARI.—The admission in evidence of the record in a proceeding for *certiorari*, instituted by the appellant, in which the writ was dismissed, conceding it to be erroneous, was harmless.

ID.—ADMISSION OF OWNERSHIP OF LAND—RIGHT TO OPEN AND CLOSE.— Where the ownership of the land was not in issue, being admitted by the answer, the defendant had no right to open and close the argument, which devolves upon the plaintiff, under section 607 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Mendocino County, and from an order denying a new trial. J. Q. White, Judge.

The facts are stated in the opinion of the court.

Welden & Held, for Appellant.

U. S. Webb, Attorney General, and Robert Duncan, District Attorney, for Respondent.

McLAUGHLIN, J.—This is an action to condemn a strip of land for the alteration of a public road by widening the same. The action was dismissed as to H. N. Peters, and judgment condemning the land for the purpose mentioned was entered. Defendant William Peters appeals from such judgment and from the order denying his motion for a new trial.

The demurrer to the complaint was properly overruled. We cannot concur in the view that widening a public highway is not a public use. (Code Civ. Proc., sec. 1238, subds. 3, 4; Pol. Code, sec. 2681; County Government Act, sec. 25, subd. 4 (Gen. Laws 1903, p. 121).) The nature of the alteration, the location, general route, and termini, the description of land sought to be taken, and its relation to the larger parcel of which it was a part, are fully set forth in the complaint, and in the map attached to and made a part thereof by express reference, as well as by the law. (Code Civ. Proc., sec. 1238; *San Francisco etc. R. R. Co.* v. *Gould,* 122 Cal. 603, [55 Pac. 411].) There is no force in the contention that the facts pleaded do not show that sections 2688 and 2689 of the Political Code were complied with. It appears from the complaint that a hearing was had after due notice, and that appellant was represented at such hearing by his attorney; that the report of the viewers was there and then approved, and the damages ascertained and by order declared and awarded to defendants; that the county treasurer was at the same time and place ordered to set apart the amount so awarded and declared; and that the auditor was directed to draw his warrant on the treasurer in favor of defendants for said amount. It further appears that the amount was set apart and the warrant drawn pursuant to the order of the board, and that the defendants for ten days thereafter refused, and at the time of filing the complaint still refused, to accept such amount. This is all that the law requires. (Pol. Code, secs. 2688, 2689; Code Civ. Proc., sec. 1963, subds. 15-20; *County of Sonoma* v. *Crozier,* 118 Cal. 682, [50 Pac. 845]; *Siskiyou County* v. *Gamlich,* 110 Cal. 94, [42 Pac. 468]; *Glenn County* v. *Johnson,* 129 Cal. 406,

[62 Pac. 66] ; *County of Sutter* v. *Tisdale,* 136 Cal. 476, [69 Pac. 141].) In fact, the complaint shows a strict compliance with section 2681 et seq., of the Political Code in every essential particular.

Respondent takes the position that the record on appeal from the order refusing a new trial is insufficient, and that the bill of exceptions used at the hearing of such motion cannot be considered on an appeal from the judgment, for the same reasons that render the appeal from the order ineffectual. It is first objected that the notice of intention to move for a new trial was not served or filed within the time allowed by law. The bill of exceptions recites that such notice was seasonably served and filed, but the notice of intention found in the record shows that it was filed one day after the time had expired. The notice of intention is no part of the record, and the recital in the bill of exceptions must therefore prevail. (*Nye* v. *Marysville,* 97 Cal. 462, [32 Pac. 530] ; *Downing* v. *Le Du,* 82 Cal. 472, [23 Pac. 202] ; *Monterey County* v. *Cushing,* 83 Cal. 509, [23 Pac. 700].) It is suggested, by way of diminution of the record, that the bill of exceptions be amended in this particular, but it is well settled that a record authenticated by the trial court cannot be changed by the appellate court. (*Satterlee* v. *Bliss;* 36 Cal. 521; *Boyd* v. *Burrel,* 60 Cal. 284; *Bonds* v. *Hickman,* 29 Cal. 465; *Boston* v. *Haynes,* 31 Cal. 107; *Warran* v. *Hopkins,* 110 Cal. 509, [42 Pac. 986] ; *In re Lamb,* 95 Cal. 408, [30 Pac. 568].) Moreover, it does not appear that any such objection was urged at the time the notice was served, or when the bill of exceptions was settled, and under the authorities it must be considered as waived. (*Hobbs* v. *Duff,* 43 Cal. 491; *Schieffery* v. *Tapia,* 68 Cal. 185, [8 Pac. 878] ; *Simpson* v. *Budd,* 91 Cal. 491, [27 Pac. 758] ; *Hibernia* v. *Moore,* 68 Cal. 156, [8 Pac. 824].) The bill of exceptions recites that it was presented in due time, and attached thereto is a stipulation that it be settled as a "correct bill of exceptions." Respondent cannot here urge an objection thus waived. The record on appeal from the order refusing a new trial contains the judgment-roll, the bill of exceptions used at the hearing, and a copy of the order refusing a new trial. This is all the law requires. (Code Civ. Proc., sec. 661.) The order last mentioned having been made after the bill of

exceptions was settled and authenticated, it is obvious that it need not, and could not, be included in such bill. The certificate attached to the transcript recites that a true and correct copy of such order is therein contained; and no further authentication is necessary. (Code Civ. Proc., secs. 661, 952, 953; *Power* v. *Fairbanks*, 146 Cal. 611, [80 Pac. 1075].) The bill of exceptions may be considered on an appeal from the judgment. (Code Civ. Proc., secs. 670, 950; *Wall* v. *Mines*, 128 Cal. 140, [60 Pac. 682].)

The denials touching the report of the viewers, the notice of hearing, and the various orders and proceedings of the board of supervisors, found in the answer, are based on want of information or belief. Such denials are wholly insufficient. Whether or not a notice has been published in a designated newspaper can be readily ascertained, and the report and proceedings and orders of the board of supervisors must, under the law, be duly recorded in public records. "A defendant is not at liberty to answer an allegation in this form when he may be presumed to know, or when he is aware before answering, that he ·has the means of ascertaining whether or not such allegation is true." (*Mulcahy* v. *Buckley*, 100 Cal. 487, [35 Pac. 144]; *Mullally* v. *Townsend*, 119 Cal. 53, [50 Pac. 1066]; *Brown* v. *Scott*, 25 Cal. 196;. *Weill* v. *Crittenden*, 139 Cal. 490, [73 Pac. 238].) This being the case, the averments of the complaint relating to such matters stand admitted, and hence assignments of error, based on rulings pertaining to evidence in this behalf need not be considered. (*In re Spencer*, 96 Cal. 450, [31 Pac. 453]; *Levitzky* v. *Canning*, 33 Cal. 305; *People* v. *Clark*, 106 Cal. 40, [39 Pac. 53]; *Hudson* v. *Hudson*, 129 Cal. 143, [61 Pac. 773]; *People* v. *Wynn*, 133 Cal. 73, 85 Am. St. Rep. 225, [65 Pac. 126].) The orders passed by the board of supervisors, adopting the report of the viewers, and directing the district attorney to bring this action, foreclose inquiry touching many of the assaults made on the sufficiency of the petition and report. (*County of Sutter* v. *Tisdale*, 136 Cal. 477, [69 Pac. 141]; *County of Siskiyou* v. *Gamlich*, 110 Cal. 98, [42 Pac. 468]; *County of San Mateo* v. *Coburn*, 130 Cal. 635; *County of Madera* v. *Raymond G. Co.*, 139 Cal. 130, [72 Pac. 915]; Pol. Code, sec. 2690.) The original petition and report were properly

admitted in evidence.    (Code Civ. Proc., sec. 1829.)    The report shows that the viewers were unable to ascertain the damages claimed by appellant.    If they found it impossible to ascertain such fact, they certainly could not report it. "The law never requires impossibilities."    (Civ. Code, sec. 3531.)    This was at most an irregularity, and was cured by the orders above referred to.    There was no error in the admission of the auditor's warrant.    (Code Civ. Proc., sec. 1870, subd. 1.)    The court admitted in evidence the record in a proceeding for a writ of *certiorari,* instituted by appellant, in which the writ was dismissed.    If it be conceded that such ruling was erroneous, it must be held harmless.    (*In re Spencer,* 96 Cal. 450, [31 Pac. 453] ; *Chapea Company* v. *Chapman,* 144 Cal. 373, [77 Pac. 990].)    The ownership of the land was not in issue.    Such ownership is admitted in paragraph 12 of the answer.    The appellant had no right to open and close the argument.    (Code Civ. Proc., sec. 607.) The evidence fully supports the findings and the findings support the judgment.    (*County of Siskiyou* v. *Gamlich,* 110 Cal. 99, [42 Pac. 468] ; *County of Sonoma* v. *Crozier,* 118 Cal. 682, [50 Pac. 845].)

The judgment and order are affirmed.

Chipman, P. J., and Buckles, J., concurred.