[Sac. No. 623.   Department One.—July 31, 1900.]

GLENN COUNTY, Respondent, v. MARY S. JOHNSTON et al., Appellants.

ROADS AND HIGHWAYS — CONDEMNATION OF LAND — JURISDICTION OF SUPERVISORS—RES ADJUDICATA.—The jurisdiction of the supervisors to order proceedings by the county to condemn lands for a public road is conclusively established by a final decision upon a writ of review, upon petition of the parties whose lands are condemned, establishing such jurisdiction.

ID.—APPEAL FROM JUDGMENT OF CONDEMNATION—IRREGULARITIES OF SUPERVISORS.—Upon appeal from a judgment in such condemnation proceedings awarding a judgment for the value of the land taken and damages as assessed by the jury, mere irregularities or errors of the board not affecting its jurisdiction do not affect the judgment appealed from, and cannot be considered.

ID.—NONPAYMENT OF JUDGMENT AWARDED—ANNULMENT OF PROCEEDINGS. Where more than thirty days have elapsed after the final judgment without the payment or deposit in court of the sum of money assessed by the verdict of the jury, in a proceeding brought by the county, upon order of the board of supervisors, to condemn the right of way for a road, the defendant is entitled, under sections 1251 and 1252 of the Code of Civil Pro-

cedure, to have the entire proceedings in the superior court vacated and annulled.

ID.—CONSTRUCTION OF CODE—APPLICABILITY TO MUNICIPAL CORPORATIONS—INABILITY TO ENFORCE PAYMENT.—Sections 1251 and 1252 of the Code of Civil Procedure are general in their terms, and apply to all cases. The statute has made no distinction in favor of municipal corporations, but has made the right of the defendants to have the proceedings annulled depend upon the nonpayment of the sum assessed, and the inability of the defendants to enforce payment by execution.

APPEAL from a judgment of the Superior Court of Glenn County and from orders denying a new trial and denying a motion of the defendants to vacate and annul proceedings for condemnation. Frank Moody, Judge.

The facts are stated in the opinion.

Seth Millington, and Charles L. Donohoe, for Appellants.

Ben F. Geis, and R. A. Long, District Attorney, for Respondent.

HAYNES, C.—In July, 1892, proceedings were taken by the board of supervisors of Glenn county to lay out and establish a public road, in part over lands of the defendants, and the viewers awarded to the defendants, as nonconsenting landowners, damages in the sum of one thousand and ten dollars, and an order was made setting aside that sum out of the funds of the proper road district. At the time there was not sufficient money in said fund to pay the same. Afterward, in December, 1892, another order was made setting apart funds for that purpose, but it was not called for or accepted by the defendants. Afterward, the superior court of Glenn county, upon the petition of these defendants, issued a writ of review, and upon the hearing the court found that the board of supervisors had jurisdiction in its proceedings to establish said road, and dismissed the writ; and that judgment was affirmed in this court upon appeal. (See *Johnston v. Board of Supervisors*, 104 Cal. 390, decided October 5, 1894.)

On July 1, 1895, the board of supervisors, by its order, directed the district attorney to commence this proceeding to procure the right of way for said road in accordance with the re-

port of the viewers, and the proceedings of the board, and upon the hearing it was adjudged that the taking of the land was for a public use, and that defendants have judgment for the value of the land taken and damages as assessed by the jury, in the sum of eleven hundred and forty dollars, and judgment was entered March 15, 1898, for said sum, and defendants' costs, fifty-three dollars and ninety cents.

Defendants moved for a new trial upon a statement of the case, and that motion was denied.

On May 2, 1898, defendants moved the court to vacate and set aside said judgment and to dismiss said action upon grounds hereinafter stated, and that motion was also denied, and defendants appeal from the said judgment and from each of the orders denying said motions.

The jurisdiction of the board of supervisors over all the proceedings prior to the commencement of this action is conclusively settled by the judgment upon the writ of review; and mere irregularities or errors not affecting the jurisdiction of the board do not affect the judgment here appealed from. (Pol. Code, sec. 2690; *County of Sonoma v. Crozier*, 118 Cal. 680.) The supposed errors or want of jurisdiction of the board discussed by appellants need not be further noticed.

On March 15, 1898, the court below made and entered its judgment in said action upon the verdict of the jury. On May 2, 1898, the defendants therein moved said court to annul, vacate, and set aside the entire proceedings of said court had in said action, "and that the entire action and proceedings, and all proceedings on which said action is founded, be dismissed and annulled."

Said motion is based upon the allegations that more than thirty days have elapsed since the entry of said judgment; that no part of the damages or costs so awarded have been paid to defendants or deposited in court; that plaintiff being a municipal corporation, said damages cannot be collected by execution, and that plaintiff has not elected to build the fence, for the erection of which a portion of said sum was allowed by the jury, nor executed a bond therefor under the provisions of section 1251 of the Code of Civil Procedure.

All of said facts were admitted or proved by competent evidence upon the hearing of said motion or petition. The court denied the motion, and defendants excepted and bring up the facts by a bill of exceptions.

Section 2690 of the Political Code provides that if the award of damages made by the viewers and approved by the board of supervisors is not accepted within ten days of the date of the award, it shall be deemed as rejected by the landowners, and the board of supervisors must by order direct proceedings to procure the right of way to be instituted by the district attorney "under and as provided in title VII, part III, of the Code of Civil Procedure," entitled "Eminent Domain."

Section 1251 of said code, under said title, provides, among other things, that: "The plaintiff must, within thirty days after final judgment, pay the sum of money assessed."

Section 1252 of the Code of Civil Procedure provides: "Payment may be made to the defendants entitled thereto, or the money may be deposited in court for the defendants, and be distributed to those entitled thereto. If the money be not so paid or deposited the defendants may have execution as in civil cases, and, if the money cannot be made on execution, the court, upon a showing to that effect, must set aside and annul the entire proceedings, and restore possession of the property to the defendants, if possession has been taken by the plaintiff."

It is contended by respondent that these provisions relate to proceedings by railroad corporations to condemn the right of way, and have no application in this case. It is true that railroads acquire the right of way under the provisions of said title, and that in it are found provisions applicable only to such proceedings by railroad corporations—such, for example, as those in said section 1251 relating to fences and cattle guards; but the provision we have quoted from said section requiring payment within thirty days after "final judgment," and the provisions of section 1252, are general and apply to all cases, and were so treated in *San Diego etc. Co. v. Neale,* 78 Cal. 80, 82, and *Butte County v. Boydston,* 64 Cal. 110. It is also true that after payment of the damages and compensation awarded by the judgment the court is required to make "a final order of

condemnation"; but that is an order after judgment and is not the "final judgment" mentioned in section 1251 of the Code of Civil Procedure. (*California etc. R. R. Co. v. Southern Pac. R. R. Co.*, 67 Cal. 63.) It was not intended that any plaintiff, whether a private corporation, or the state, or a county, should prosecute a proceeding in eminent domain to a judgment of condemnation, and fail or refuse altogether, or for an indefinite time, to pay the judgment, and leave the defendants' property charged with a liability to be taken, and such judgment to be paid or not at the option or convenience of the plaintiff. The statute has made no distinction in favor of municipal corporations, but has made the right of the defendants to have the action dismissed to depend upon the fact of their inability to enforce payment by execution.

We think it clear that defendants were entitled to have relief under their said motion, though the extent of that relief is not so clear. The language of the statute is that the court "must set aside and annul the entire proceedings." That this includes all the proceedings had in the superior court is apparent; but whether it includes the prior proceedings upon the petition of the freeholders for the establishment of the road, the report of the viewers and the proceedings of the board of supervisors, all of which is included in defendants' said motion, is a different question.

We do not see how the superior court can vacate or annul such prior proceedings, unless in a direct action for that purpose, which, as already stated, has been resorted to unsuccessfully.

We think the court erred in not granting appellants' said motion so far as the proceedings in the superior court are concerned, and this conclusion renders a further discussion of questions made on the several appeals unnecessary.

We advise that the order denying defendants' motion to annul said judgment and dismiss said proceedings in the superior court be reversed, with directions to grant said motion to the extent above indicated, the costs of said action and of this appeal to be paid by the plaintiff.

Chipman, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the order of the court below refusing to annul said judgment is reversed, with directions to the court below to vacate and annul said proceedings and judgment had in the superior court, the plaintiff to pay the costs thereof and of this appeal.

Harrison, J., Garoutte, J., Van Dyke, J.