[Civ. No. 7147.  First Appellate District, Division One.—January 28, 1930.]

CITY OF LOS ANGELES (a Municipal Corporation), Respondent, v. LEICESTER C. HALL, Appellant.

Leicester C. Hall, *in pro. per.*, and Tanner, Odell & Taft for Appellant.

Jess E. Stephens and Edwin P. Werner, City Attorneys, and Leslie K. Floyd, Deputy City Attorney, for Respondent.

THE COURT.—This action was brought by the City of Los Angeles to condemn for park purposes certain real property owned by defendant and appellant Leicester C. Hall. A jury awarded him the sum of $904.05 for the land taken, and an interlocutory judgment was entered accordingly. He moved for a new trial and also for an order dismissing the proceedings upon the ground that the plaintiff had failed to comply with the provisions of section 1251 of the Code of Civil Procedure. The motions were denied, and he has appealed from the judgment and the order denying his motion to dismiss.

The points relied upon for a reversal of the judgment are alleged irregularities in the proceedings of the court, and misconduct of the jury, due to which defendant claims that a new trial should have been granted. The denial of the motion to dismiss is also assigned as error.

At the time plaintiff rested its case its counsel suggested that the jury should view the land in question. Appellant, who is an attorney, appearing in the action *in propria persona,* approved the suggestion. The court thereupon fixed an hour of the same day for the view, to which appellant made no objection. He now claims that the view

having been had before all the evidence was presented he was prevented from having a fair trial.

The statute does not require the jury to view the property at any particular stage of the trial (Code Civ. Proc., sec. 610), and no prejudice was suffered by appellant from a course of proceeding in which he acquiesced without objection.

In support of the motion for a new trial certain members of the jury made affidavits that other members thereof had formed opinions as to the value of the land prior to evidence being introduced, and had made statements in the presence of other jurors that the land was of little value. It is not contended that any member of the jury was induced to assent to a finding on any of the issues by resort to the determination of chance; and it is well settled in this state that on no other ground can the verdict be impeached by the testimony of a juror (Code Civ. Proc., sec. 657, subd. 2; *People* v. *Azoff,* 105 Cal. 632 [39 Pac. 59]; *Siemsen* v. *Oakland etc. Ry.,* 134 Cal. 494 [66 Pac. 672]; *People* v. *Reid,* 195 Cal. 249 [36 A. L. R. 1435, 232 Pac. 457]).

Section 1251 of the Code of Civil Procedure, as amended in 1911 (Stats. 1911, p. 92), provides that ''The plaintiff must, within thirty days after final judgment, pay the sum of money assessed. In case the plaintiff is the state of California, or is a public corporation, and it appears by affidavit that bonds of said state or public corporation must be issued and sold in order to provide the money necessary to pay the sum assessed, then such sum may be paid at any time within one year from the date of such judgment; provided, further, that if the sale of any such bonds cannot be had by reason of litigation affecting the validity thereof, then the time during which said litigation is pending shall not be considered a part of the one year's time in which such payment must be made. . . . '' It is provided by section 1252 of the Code of Civil Procedure that ''Payment may be made to the defendants entitled thereto, or the money may be deposited in court for the defendants, and be distributed to those entitled thereto. If the money be not so paid or deposited, the defendants may have execution as in civil cases; and if the money cannot be made on execution, the court, upon a showing to that effect, must set aside

and annul the entire proceedings. . . . '' A new section, numbered 1255a, was added to the Code of Civil Procedure by the Statutes of 1911 (Stats. 1911, p. 377). This section provides that the ''Plaintiff may abandon the proceedings at any time after filing the complaint and before the expiration of thirty days after final judgment, by serving on defendant and filing in court a written notice of such abandonment; and failure to comply with section 1251 of this code shall constitute an implied abandonment of the proceeding. Upon such abandonment, express or implied, a judgment shall be entered dismissing the proceeding. . . . ''

■ In the present case the interlocutory judgment was entered on January 17, 1928, this being the final judgment referred to in section 1251 of the Code of Civil Procedure (*Glenn County* v. *Johnston*, 129 Cal. 404 [62 Pac. 66]; *California etc. R. R. Co.* v. *Southern Pac. R. R. Co.*, 67 Cal. 59 [7 Pac. 123]), and on March 17, 1928, the notice of motion to dismiss the proceeding was served and filed. The amount awarded appellant, including his costs, was deposited in court by the plaintiff on March 22, 1928, following which the motion to dismiss was heard and denied. ■ Plaintiff contends that before dismissal could be had it was necessary for defendant to show that execution had issued as provided by section 1251 of the Code of Civil Procedure, and that the amount of the award could not be made thereon.

While a defendant may avail himself of the remedy provided by this section where he fails to recover the award on execution, section 1255a—which was a later enactment—clearly shows an intention to provide additional relief by dismissal of the proceedings in case the plaintiff has failed for thirty days after final judgment to pay the award. And the exceptions to the requirement that payment be made within that time where the bonds of the state or public corporation must be issued and sold to provide the means of payment, or such sale cannot be had by reason of litigation affecting their validity, impliedly exclude all other exceptions in cases where either the state or a public corporation is a party plaintiff. ■ The owner of property proposed to be taken is entitled to have the proceedings leading to that end carried out in all material respects. (*Graham* v. *Ballard,* 157 Cal. 96 [106 Pac. 215]); and it has been

held that every requirement of the statute giving the least semblance of benefit to the owner must be complied with (*Shipman* v. *Forbes,* 97 Cal. 572 [32 Pac. 599]).

■ It is our conclusion from the language of the above sections that the issuance of execution under section 1252 is not a condition to the right to proceed under section 1255a; and that in enacting the latter section it was the legislative intention to require dismissal when the award has not been paid as provided by section 1251 unless the case be within one of the exceptions mentioned above.

We find no merit in the appeal from the judgment, but in view of the facts the motion to dismiss the proceedings as against appellant should have been granted. The judgment is accordingly affirmed, and the order denying the motion to dismiss is reversed; the cause is remanded and the trial court is directed to enter an order dismissing the proceedings as against appellant Leicester C. Hall, and awarding him his costs and disbursements.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 27, 1930, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 27, 1930.

All the Justices concurred.