[Civ. No. 7961. First Appellate District, Division One.—May 25, 1931.]

MANUEL G. MATOZA, Petitioner, v. SUPERIOR COURT OF ALAMEDA COUNTY et al., Respondents.

Edwin H. Williams for Petitioner.

No appearance for Respondents.

THE COURT.—Petition for writ of mandate.

It appears therefrom that on the twenty-fifth day of May, 1929, the city of Oakland brought an action of eminent domain against petitioner and other defendants as owners

of certain real property which the city desired to acquire for certain purposes. On the same day the action was filed, the city of Oakland, through its attorney, presented an affidavit to the judge of the court to whom the action had been assigned for trial and secured an order based upon such affidavit, whereby the city was authorized to take possession of the lands described in the complaint upon its depositing the sum of $375 as security for the lands and property belonging to petitioner, and the sum of $4 to another defendant, one Joseph W. Silva, for his interest as lessee in a certain portion of the lands. On the same day, the city took possession of the land under said order after having deposited the amounts of money stated therein.

It is next alleged that the city, purporting to act under the terms of the order, took possession also of a larger and additional tract of land belonging to petitioner and not involved in the eminent domain proceedings and ousted petitioner from the possession thereof without any order or warrant of authority of any kind whatsoever.

That thereafter the issue of compensation in the eminent domain proceeding was tried before a jury and petitioner was awarded compensation in the sum of $1538.20 for the land described in the complaint, and Silva was awarded the sum of $800 for his leasehold interest.

It is then claimed that the amount of the judgments together with interest and costs require the deposit by the city of at least $2,836 in addition to the amounts already deposited by it in order to give petitioner and Silva security for the damage done to them by the taking of the land described in the complaint, and which it now holds possession of, but that no further or additional deposits have been made.

And finally it is alleged that the larger tract of land which was seized and which is not described in the complaint is worth the sum of over $10,000 and no compensation whatsoever has been paid to petitioner or deposited to his credit for the same, although the city holds the possession thereof.

Petitioner prays that the court issue its writ of mandate to compel respondents to furnish petitioner with good and ample security for all the lands taken from him as described in said order of possession, and also for the land taken not described in the complaint or order, and which are now in possession of the city of Oakland.

We are of the opinion that the facts do not warrant the remedy prayed for. In so far as the land described in the complaint and in the order for possession is concerned, petitioner has ample remedy by appeal, or he may move to dismiss the action upon the ground that the award has not been paid. (Sec. 1251, Code Civ. Proc.; *City of Los Angeles* v. *Hall*, 103 Cal. App. 460 [284 Pac. 707].) As to the property not mentioned in the complaint or order of possession, the law affords an ample remedy for its recovery.

Petition denied.