[Civ. No. 27180. Second Dist., Div. One. Dec. 16, 1963.]

COUNTY OF LOS ANGELES, Plaintiff and Appellant, v. JAMES S. BARTLETT et al., Defendants and Respondents.

Harold W. Kennedy, County Counsel, Richard L. Riemer and Alfred Charles De Flon, Deputy County Counsel, for Plaintiff and Appellant.

Phill Silver for Defendants and Respondents.

WOOD, P. J.—Appeal by plaintiff from an order setting aside a judgment in condemnation, and allowing attorney's fees.

Plaintiff obtained a condemnation judgment which provided that upon payment of $4,500 to defendant owners, the plaintiff should become the owner of the land. Upon defendants' appeal therefrom, the judgment was affirmed, and the remittitur was filed in the superior court on July 16, 1962.

On September 18, 1962, the plaintiff deposited the amount of the award in the superior court. On September 24, 1962, one of the attorneys representing plaintiff filed an affidavit, in support of plaintiff's application for a final order of condemnation, wherein it was stated that the sums awarded in the judgment of condemnation had been paid into court for the benefit of the owners. A final order of condemnation was made (ex parte) on said September 24, entered on September 26, 1962, and recorded on October 3, 1962.

On October 9, 1962, the defendants (owners) filed a notice of motion for an order setting aside and annulling the judgment theretofore entered and restoring possession of the property to the defendants. The notice stated that the motion would be made upon the ground that the judgment had ordered the plaintiff to pay to defendants $4,500 and costs, that said sums were required to be deposited or paid within thirty days after the remittitur was filed in the superior court in accordance with the provisions of section 1251 of the

Code of Civil Procedure, and that plaintiff failed to make such deposit or payment within the time allowed by law.

In support of the motion, defendants' attorney filed his declaration wherein he stated in substance the factual information hereinabove set forth regarding the former appeal, the filing of the remittitur on July 16, 1962, and the deposit in court on September 18, 1962. He stated further therein that by reason of the delay in depositing said sums, and by reason of the failure to pay said sums to defendants, within the time allowed by said section 1251, the defendants "have elected and do elect to refuse to accept said sum and request that the court set aside the proceedings herein and restore them to the possession of their land and award them their costs incurred in the defense of said action and legal fees expended in the defense of said action and on appeal." He also made statements therein regarding the legal services rendered by him in the case.

Said motion was granted on October 25, 1962. At the time of granting the motion the court also made an order, as follows: "Counsel for defendant is awarded attorney fees in the sum of $2000.00 plus costs."

Section 1251 of the Code of Civil Procedure, which relates to condemnation proceedings, provides, in part: "The plaintiff must, within thirty days after final judgment, pay the sum of money assessed." That section also provides for two exceptions to such 30-day limitation—one exception is that where plaintiff is the state or a public corporation and it appears that bonds must be issued and sold to provide the money for such payment, then payment may be made within one year after judgment; and the other exception is that where the sale of such bonds cannot be had by reason of litigation affecting their validity, then such litigation time shall not be considered a part of the one year referred to.

Section 1252 of said code provides: "Payment [of condemnation award] may be made to the defendants ... or be deposited in court for the defendants. If the money be not so paid or deposited, the defendants may have execution as in civil cases; and if the money cannot be made on execution, the court ... must set aside and annul the entire proceedings, and restore possession of the property to the defendant. ..."

Section 1255a of said code provides, in part: "(a) The plaintiff may abandon the proceeding at any time after the filing of the complaint and before the expiration of 30 days after final judgment, by serving on defendants and filing in

court a written notice of such abandonment; and failure to comply with Section 1251 of this code shall constitute an implied abandonment of the proceeding.'' Subdivision (b) of said section 1255a provides that, upon motion made within 30 days after such abandonment, the court, under certain circumstances (stated therein), may set aside the abandonment. (The provisions of this subdivision are not material here.) Subdivision (c) of said section 1255a provides that if such an abandonment is not set aside, then ''on motion of any party, a judgment shall be entered dismissing the proceeding and awarding the defendants their costs and disbursements, which shall include ... reasonable attorney fees. These costs and disbursements, including ... attorney fees, may be claimed in and by a cost bill, to be prepared, served, filed and taxed as in civil actions; ....''

As above shown, the money was deposited in court more than 30 days after final judgment. (The remittitur was filed on July 16, 1962, and the money was deposited on September 18, 1962.) Defendants' notice of motion to dismiss, on the ground that the money was not deposited within 30 days after final judgment, was filed on October 9, 1962, which date was after the money had been deposited in court on September 18, and after the court had made a final order of condemnation on September 24. (The record does not show when the notice of motion to dismiss was served, but since the notice was dated October 5, it will be assumed that it was served on or after that date.)

▆▆ Appellant contends in effect that since the money was deposited in court before the notice of motion was served, the order setting aside the judgment was erroneous. It (appellant) cites cases wherein it is held that, even if the condemner fails to pay the judgment within the 30-day period, the obligation of the condemner to pay the judgment continues after that period, and the owner may enforce the judgment by execution as in civil cases. One of those cases is *Vallejo etc. R.R. Co.* v. *Reed Orchard Co.* 177 Cal. 249 [170 P. 426], wherein it is said (p. 251): ''In such proceedings the award constitutes a judgment in favor of defendant ...., payment of which, unless the proceeding within the time be abandoned by plaintiff ... , shall be made within thirty days after final judgment [citation], and in the absence of such payment ... or deposit ... in court, defendant may have execution to enforce the judgment as in civil cases.'' Another of those cases is *Southern Public Utility Dist.* v. *Silva,* 47

Cal.2d 163 [301 P.2d 841], wherein it is said (pages 166 and 167) : The occurrence of "implied abandonment," referred to in said section 1255a, "simply means that if the condemnor (not having abandoned within the time limited therefor by section 1255a) fails to pay the amount of award (either directly to the defendant or by deposit in court for his benefit) within the time limited therefor, the condemnee has the option of enforcing the judgment as best he may or of treating such nonpayment as an implied abandonment."

Appellant argues that since the obligation of a condemnor to pay a judgment continues after the 30-day period, and since its obligation to pay is not affected by nonpayment during said period, and since a condemner cannot abandon the proceeding after said period, and since the condemnee (after expiration of said period—without payment or abandonment) has the option of either enforcing the judgment or of terminating the proceeding, the legal relationship between them (the condemner being bound by the judgment, and the condemnee not being bound) is then such that the only reasonable conclusion is that the condemnee must proceed to exercise his option, to obtain a dismissal, before the judgment is satisfied. Appellant argues further that if the condemnee is not required to so proceed, he might cause unworkable and impracticable results in condemnation projects by refusing for an indefinite time to accept payment or to proceed to obtain a dismissal.

In *Glenn County* v. *Johnston*, 129 Cal. 404 [62 P. 66], cited by respondent, a condemnation judgment was entered on March 15, 1898. On May 2, 1898, the defendant made a motion to set aside the entire proceedings on the ground that more than 30 days had elapsed since the entry of the judgment, and no part of the judgment had been paid. The trial court therein denied the motion. On appeal, in reversing that order, the court cited sections 1251 and 1252 of the Code of Civil Procedure and said (p. 408) : "It was not intended that any plaintiff ... should prosecute a proceeding in eminent domain to a judgment of condemnation, and fail or refuse altogether, or for an indefinite time, to pay the judgment, and leave the defendants' property charged with a liability to be taken, and such judgment to be paid or not at the option or convenience of the plaintiff."

In *City of Los Angeles* v. *Hall*, 103 Cal.App. 460 [284 P. 707], cited by respondent, a condemnation judgment was entered on January 17, 1928. On March 17, 1928, notice of

motion to dismiss the proceeding was served and filed. The motion was upon the ground that plaintiff had failed to comply with section 1251 of the Code of Civil Procedure (failing to pay the judgment within thirty days). On March 22, 1928 (after the notice of motion was served and filed), the plaintiff deposited the amount of the judgment in court. The trial court denied the motion to dismiss. On appeal, in reversing that order, the court cited sections 1251, 1252, and 1255a of the Code of Civil Procedure, and said (pages 464 and 465): "While a defendant may avail himself of the remedy provided by this section [Code Civ. Proc., § 1251] where he fails to recover the award on execution, section 1255a—which was a later enactment—clearly shows an intention to provide additional relief by dismissal of the proceedings in case the plaintiff had failed for thirty days after final judgment to pay the award. And the exceptions to the requirement that payment be made within that time where the bonds of the state or public corporation must be issued and sold to provide the means of payment, or such sale cannot be had by reason of litigation affecting their validity, impliedly exclude all other exceptions in cases where either the state or public corporation is a party plaintiff. The owner of property proposed to be taken is entitled to have the proceedings leading to that end carried out in all material respects. ... [I]t has been held that every requirement of the statute giving the least semblance of benefit to the owner must be .complied with [citation]. It is our conclusion from the language of the above sections ... that in enacting the latter section [section 1255a] it was the legislative intention to require dismissal when the award has not been paid as provided by section 1251 unless the case be within one of the exceptions mentioned above."

It thus appears that those two cases upon which respondents rely hold that the owner is entitled to a dismissal of the proceeding if the plaintiff has failed to pay or deposit the money within the 30-day period after the judgment. In one of those cases the money had not been paid or deposited at any time, and in the other one the money had been deposited after the notice of motion to dismiss was served. In the present case, as above stated, the money had been deposited in court before notice of motion to dismiss was served. As above indicated, appellant asserts in effect that, in the present case, its depositing of the money prior to the owners' service of the notice to dismiss is the material factor which

distinguishes the present case from the *Glenn County* and the *City of Los Angeles* cases, *supra*.

Said section 1251 provides in part that: "The plaintiff must, within thirty days after final judgment, pay the sum of money assessed." Section 1252 provides in part: "If the money be not so paid or deposited ... and if the money cannot be made on execution, the court ... must set aside ... the entire proceedings ...." Section 1255a provides that failure to pay or deposit the money within the 30-day period "shall constitute an implied abandonment of the proceeding," and if the abandonment is not set aside then "on motion of any party, a judgment shall be entered dismissing the proceeding."

As shown by some of the cases above cited, the owner, after the expiration of the 30-day period during which the money has not been paid or deposited, has the option or power to enforce the judgment or to obtain a dismissal of the proceeding. The only provision or exception in said section 1251 extending the time for making the payment or deposit beyond the 30-day period is the provision relative to obtaining bonds as a means of payment. There is no provision or exception in section 1252 or 1255a extending such time beyond the 30-day period. In the *City of Los Angeles* case, *supra*, it is said that the exceptions regarding bonds, stated in section 1251, impliedly exclude all other exceptions. It seems that appellant's argument is to the effect that payment after the 30-day period and before service of notice of motion to dismiss is an exception to the code provisions that payment must be made within 30 days after final judgment and that failure to so pay is an implied abandonment of the proceeding. In view of the statutory provisions specifying two exceptions to the requirement of payment within the limited time (exceptions regarding bonds), it should be concluded that the Legislature did not intend that payment after the 30 days and before service of notice of motion to dismiss would constitute a further exception to such requirement of payment within the 30 days. In the *City of Los Angeles* case, *supra*, it was also said that the owner is entitled to have the proceedings "carried out in all material respects" and that "every requirement of the statute giving the least semblance of benefit to the owner must be complied with." The court did not err in granting the motion.

Appellant also states, as above indicated, that if the owner is not required to proceed to exercise his option of accept-

ing payment or of having the action dismissed, he might cause unworkable and impracticable results in condemnation projects by refusing for an indefinite time to accept payment or have the action dismissed. In this connection, appellant indicates, among other things, that in the event an owner or his counsel is absent from the locality and is not available to exercise the option, progress upon important public projects would be delayed. Such a result might occur, but it is also true that an owner, who is absent from the locality and who desires to exercise his option to have an action dismissed, might lose his right to so exercise his option if, as appellant contends, a deposit of the amount in court before the owner serves notice of motion to dismiss terminates the option and relieves the condemner of its default. If the time of service of the notice were the determining factor, as appellant contends, it would seem that the matter of the owner's exercising his option would depend upon who could arrive first at the courthouse—the condemner with its deposit, or the owner with his served notice of motion to dismiss.

In its closing brief, appellant raises a question as to the propriety of allowing attorney's fees, which matter was not discussed in the opening brief. Respondents, however, did discuss this in their reply brief. Appellant asserts, in its closing brief, that it questions the appropriateness of the trial court's awarding attorney's fees under an order. It seems to be appellant's position that since the court made a minute order, granting the defendant's motion to set aside the judgment and restore defendants to possession, instead of making a formal judgment of dismissal, the court (in making an order) was acting under said section 1252 which does not provide for attorney's fees—and was not acting under said section 1255a which does provide therefor. As above shown, section 1251 states that a plaintiff must pay within 30 days after judgment; and section 1252 states that if the money is not paid, the court must, upon a showing that the money cannot be had on execution, set aside the entire proceeding and restore possession to the owner. Section 1255a states that upon abandonment, express or implied, by plaintiff, and upon motion of any party, a judgment shall be entered dismissing the proceeding and awarding the defendants their costs and disbursements which shall include reasonable attorney fees. As above indicated, appellant has concluded that the court was acting under section 1252 because it made an "order" instead of a judgment. Another conclusion might

be that it was acting under section 1255a because it awarded attorney's fees. In any event, the result of granting the motion was to set aside the judgment and restore defendants to possession. The condemnation action herein was prosecuted to judgment and the plaintiff did not pay the amount of the award within 30 days. According to section 1255a, there is an implied abandonment by a plaintiff under such circumstances, and upon such an abandonment a judgment may be entered dismissing the proceeding and awarding costs and disbursements, including attorney's fees. In *City of Los Angeles* v. *Abbott*, 217 Cal. 184, 196 [17 P.2d 993], it is said: When said section 1251 is "read in conjunction with section 1255a, the two sections provide for an implied abandonment entitling the defendant to his costs and attorneys' fees when the case has proceeded to a judgment and defendant's damages have been assessed and the assessment has not been paid." (In that case, where no damages were assessed because plaintiff had been enjoined from further prosecuting the action, the court said, in effect, that obviously since there was no voluntary abandonment by plaintiff, the attorney's fee provision in section 1255a was not applicable therein.) In the present case, attorney's fees were allowed at the same time the order granting the motion was made. Section 1255a provides that attorney fees may be claimed in a cost bill. It does appear that after the order herein was made on October 25, 1962, the defendants filed a cost bill on November 5, 1962, claiming as an item of costs the attorney's fees awarded by the court on October 25. Under the circumstances herein, the court did not err in awarding attorney's fees.

The notice of appeal herein states that the appeal is also from an order which denied plaintiff's motion to be relieved of its default in depositing the money in payment of the condemnation award. That motion was made under the provisions of section 473 of the Code of Civil Procedure. Since this matter has not been discussed in the briefs, there is no necessity for considering it on appeal.

The orders are affirmed.

Fourt, J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 5, 1964.